■ IRMA ARIZMENDI, Respondent, et al., Plaintiff, v CITY OF NEW YORK et al., Appellants. — Judgment, Supreme Court, New York County, entered on May 29, 1980, affirmed, without costs and without disbursements. Concur — Sandler, J.P., Sullivan, Ross and Fein, JJ.

Bloom, J., dissents in the following memorandum. Two substantial issues are presented by this appeal. The first deals with the refusal of the trial court to permit Dr. Gugliucci, plaintiff's attending obstetrician and gynecologist on the birth of her second child, to be called as a witness by the defendant. This, I believe, was error. The plaintiff was suing to recover for medical malpractice which occurred at the birth of her first child. She had testified that, as a result of that malpractice sexual relations had become so painful that she followed a policy of abstinence after the birth of her second child. It was hoped, through the testimony of Dr. Gugliucci, to establish that after the birth of her second child she was on the "pill". Clearly, plaintiff, by asserting that defendant was responsible for her medical condition had waived the doctor-patient privilege (Koump v Smith, 25 NY2d 287). The insistence by the trial court of an offer of proof by defendant was clearly improper particularly since defendant's attorney had opportunity only for a brief hallway interview with the doctor. However, defendant was able to achieve at least part of its objective through the testimony of Dr. Da Costa. Hence, I would not vote to reverse solely on this ground. Of greater importance is the size of the verdict. Although the resultant injury was serious, the verdict was, in my opinion, substantially excessive. The trial court requested the jury to subdivide its verdict into three parts: permanency, pain and suffering and loss of earnings. This rather fine subdivision led to the size of the verdict. To the extent that the verdict exceeds $175,000 I would hold it excessive. Accordingly, I would reverse and remand for a new trial.